# CHARLESTON.

## SMOOT *v.* NEWBERRY.

### March 4, 1875.

1875.
January Term.

A. executes his note to B. for an amount three or four times greater than is due and owing from A. to B., and executes a deed of trust on a certain tract of land to secure its payment—this tract of land being all the visible real estate owned by A. at that time. At a sale, made under the deed of trust, B. becomes the purchaser of the land at less than its real value. Upon these facts being alleged in a bill filed by subsequent judgment creditors of A., and who were also creditors at the time of the execution of the deed, and being sustained by the evidence.—HELD:

That it is error to dismiss the bill, without an inquiry being first directed to ascertain the true amount due from A. to B., at the time of the sale, as well as of the value of the land, with the view of determining the proper mode and measure of relief to which the plaintiffs may be entitled, as connected with said deed of trust and sale.

Appeal from, and *supersedeas* to, a decree of the circuit court of Wyoming county, rendered on the 19th day of May, 1873, granted by a Judge of this Court on the petition of Richard Smoot, William W. McDonald, George W. Nighbert, Charles H. Greever, William I. Cook, John Lockard and William Ireland, the plaintiffs below. The defendants below were Harman Newberry and Edward McDonald.

The opinion of the Court contains a sufficient statement of the case.

The Hon. Evermont Ward, judge of said circuit court, presided at the hearing below.

*James M. Laidley*, for the appellants.

*James H. Ferguson* and *Henry L. Gillaspie*, for the appellees.

PAULL, JUDGE:

On the 1st day of September, 1866, the defendant, Edward McDonald and wife, executed a deed of trust to William N. Henderson, as trustee, conveying all the interest of the grantor, Edward McDonald, being the one undivided sixth part of all the lands of which William McDonald, deceased, died seized, in the county of Wyoming, on the Clear Fork of Guyandotte river, and from three to seven miles south-west from the Court House of said county, in trust, to secure to one Harmon Newberry the sum of $13,301 due by note, with legal interest thereon, from the date thereof. Said deed was duly admitted to record in said county, on the 1st day of September, 1866. A sale was subsequently made under the deed, of the land thereby conveyed, at which sale the defendant Newberry, the creditor named in said deed of trust, became the purchaser at the price of $5,000, and a deed was executed to him by the trustee for the said land.

The plaintiffs subsequently obtaining judgments against the said Edward McDonald, for various amounts of indebtedness, alleged to have existed at the date of said trust deed, and not denied in the answer, now filed their bill against the said Edward McDonald, and said Harmon Newberry, alleging that the note given by said defendant McDonald to the said Newberry, for $13,301, and secured by said deed, is for a sum greatly in excess of the sum really due by him to Newberry; that in consequence of this advantage thus possessed by Newberry, other parties were deterred from bidding at the sale of this land, in consequence of their knowing, or at least believing, that said Newberry would run the price to at least the sum then appearing to be due by said trust, to-

wit : the sum of $16,532.10, a sum far more than said land would have sold for at that time—all of which is charged as fraudulent by the plaintiffs. The bill charges that said land is worth at least $15,000, and that this sum is perhaps double what said McDonald owed Newberry, at the date of said deed of trust and note. The bill further alleges that whether the said Edward McDonald designed, by the execution of this trust deed, and the acknowledgement of so large an indebtedness to said Newberry, to defraud his creditors or not, the effect of the transaction has been at least to hinder and delay them in the collection of their debts, and praying relief as against these parties, and that the land may be sold for the payment of their claims.

The defendant, Edward McDonald, did not answer the bill.

The defendant, Newberry, filed his answer, alleging that himself and co-defendant, McDonald, were administrators of the estate of William McDonald, deceased,.; that in the course of that administration said McDonald became largely indebted to respondent, in addition to a large private debt which said McDonald owed him ; and to secure these debts, the deed of trust was executed ; that the land being sold, he became the purchaser thereof at the price, of $5,000—as stated in the bill, a sum which at that time, was a fair price for the land, and denies all fraud in the transaction. Neither the bill or answer are made under oath.

Some evidence is taken by the plaintiffs as to the amount of indebtedness due from defendant McDonald to defendant Newberry at the time of the execution of said deed of trust, and as to the value of the land at the time of the sale, and its purchase by Newberry ; this evidence is found in sundry depositions in the record.

Defendant McDonald testifies that he owed Newberry at the time of executing said trust deed, without speaking

positively, about $3,903, for stock bought of him, and an order for some money given on him; that he could not remember when any settlement was made between them, but that at the date of the sale and since, he was indebted to him about the amount before stated; that in 1857 or 1858, his father had bought the land in said deed of trust mentioned, and that he considered the land worth what he paid for it at that time,

Wm. W. McDonald testifies that Newberry had stated to him that his reason for taking said trust deed was that he and Edward McDonald were administrator of Wm. McDonald's estate, and that Edward McDonald was making away with the estate, or the debts thereof, and he considered himself bound, and he took the deed to make himself safe; and that the fair value of the land at the time of its sale to Newberry was $12,000, or $15,000.

I. E. McDonald testifies that he thinks the land sold under said trust deed, worth at the time of the sale some $8,000 or $8,500.

On behalf of defendants, L. B. Chambers testifies the value of the land on the day of sale to be $6,000. Heavin Bane estimates its value at that time at $5,000.

The defendant Newberry gives his deposition, but says nothing whatever as to the amount of his claim against defendant McDonald, as secured by said deed of trust, or of the value of the land at the time of the sale of the same and purchase by himself; he merely says it was the undivided half of the Stephen McDonald farm, and one-fourth of a piece of another tract, which he purchased at the sale.

Some other testimony appears in the record, showing that Newberry had paid some of the debts of said defendant McDonald since his purchase of said land.

While there is some conflict in the testimony touching the value of the land at the time of its sale to Newberry, still we think it decidedly appears that the land was worth

1875.
January Term.

Smoot
v.
Newberry.

very considerably more than $5,000, at the time of its sale---one of defendant's witnesses fixing its value at, at least, $6,000—while plaintiffs' witnesses fix it at $8,000, $8,500 or $12,000, or $15,000.

The allegation in the bill that the note of defendant McDonald to Newberry for over $13,000 and secured by said deed of trust, was greatly in excess of the true amount due from him, is established by defendant McDonald's testimony, who says it was at the date of said deed about $4,000 ; and his testimony in this respect is in no wise contradicted. The allegation of the bill in regard to this excess of indebtedness is not denied by Newberry in his answer, for all that he says in regard to it is consistent with the truth of the bill. Nor does he deny the fact in his testimony, or even refer to it. This acknowledgment of a large indebtedness of McDonald, which does not exist, the giving of his note for three times more than was really due, and the execution of a deed of trust to secure the same on his real estate, and the subsequent sale of said land for less than its value, and its purchase by the creditor, do not seem to be acts in good faith towards the other creditors of McDonald, and were adapted to hinder and delay them in the collection of their debts.

We think, under these circumstances, the plaintiffs were entitled to a further investigation of these matters; to have an inquiry directed as to the true amount due from defendant McDonald to said Newberry at the time of the sale of the land conveyed by said deed of trust, and of the value of the same at that time. Such an inquiry, properly conducted, would greatly tend to develope the mode and measure of relief to which the plaintiffs are entitled, as connected with said deed of trust, and sale to Newberry. Upon all the facts, as appearing in the record, we think it was error in the court below to dismiss the plaintiffs' bill, and its decree made on the 19th day of May, 1873, is reversed and annulled with costs

to the appellants, and this cause is remanded to the circuit court of Wyoming county for further proceedings to be had in accordance with the views expressed in this opinion, and the principles governing courts of equity.

Haymond, President, and Moore, Judge, concurred. Hoffman, Judge, absent.

DECREE REVERSED AND CAUSE REMANDED.